1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  STATE FARM LIFE INSURANCE           Case No.:  17cv2515-L-BGS
    COMPANY,
12                                      **ORDER GRANTING PLAINTIFF'S**
                             Plaintiff,  **MOTION TO SERVE BY**
13                                      **PUBLICATION**
    v.
14
    HAYDEE HERNANDEZ ET AL.,
15
                            Defendants.
16

17

18        Pending before the Court in this interpleader action for distribution of life

19  insurance proceeds is Plaintiff's Motion for Order Authorizing Service by Publication.

20  No opposition has been filed.  For the reasons stated below, the motion is granted.

21        Plaintiff State Farm Life Insurance Company ("State Farm") issued a life insurance

22  policy to insure the life of Salvador Villagomez, Jr.  Pursuant to an Order Establishing

23  Fact of Death, filed in state court on October 15, 2014, Mr. Villagomez died in March

24  2007.  (Compl. Ex. 1 (doc. no. 1).)  Because of potential conflicting claims, State Farm

25  filed the pending interpleader action against Haydee Hernandez, Mr. Villagomez' widow,

26  his estate ("Estate"), and his son, Salvador Villagomez III.  The Court has subject matter

27  jurisdiction pursuant to 28 U.S.C. §1332.

28  / / / / /

Despite extensive investigation spanning nearly a year, State Farm has been unable to locate a legal representative of the Estate, or determine if one has been appointed at all. (*See* Decl. of Robert R. Pohls (doc. no. 18-2).)  It requests to serve the Estate by publication in The San Diego Union Tribune, as all Defendants are San Diego County residents.

Federal Rule of Civil Procedure 4(e)(1) allows for service of process on an individual "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located, or where service is made . . .."  State Farm requests leave to serve by publication as provided in California Code of Civil Procedure § 415.50(a).  Section 415.50(a) provides in pertinent part:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .  [¶]  A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

"[C]onstitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort."  *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal citations omitted).  "The term 'reasonable diligence' denotes a thorough, systematic investigation and inquiry conducted in good faith . . .."  *Id*. (internal quotation marks, brackets, ellipses and citations omitted).  What is required is

> A number of honest attempts to learn defendant's whereabouts or his address [from] the likely sources of information, [which] must be searched before resorting to service by publication.  Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice.

*Id*. (internal quotation marks and citations omitted).

/ / / / /

State Farm's efforts, described in its counsel's affidavit (Decl. of Robert R. Pohls (doc. no. 18-2)), demonstrate a diligent and exhaustive search. Accordingly, the motion to serve the Estate by publication is granted as follows:

1.      The summons and complaint shall be served by publication at least once per week for four successive weeks in The San Diego Union Tribune.

2.      If, during the 28 days of publication, State Farm identifies and locates a legal representative of the Estate of Salvador Villagomez, Jr., State Farm shall immediately serve the representative by mail with a copy of the summons, complaint and this order, and file a proof of service.

3.      Service by publication will be deemed completed at the end of the 28th day of publication.

4.      State Farm shall file a certificate of service no later than five calendar days after completion of service by publication.

5.      The Estate of Salvador Villagomez, Jr. shall serve a response, if any, no later than the 21st day after completion of service by publication.

**IT IS SO ORDERED.**

Dated:  April 8, 2019

Hon. M. James Lorenz
United States District Judge